IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 16-cr-200-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**1. JUSTIN BLAKE GREENBAUM**,

    Defendant.

---

**ORDER DENYING MOTION TO DISMISS PETITION FOR WARRANT
AND SUPPRESS FRUITS OF UNAUTHORIZED DRUG TEST**

---

    Defendant Justin Blake Greenbaum is currently on supervised release in connection with his 2017 conviction of two violations on 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm and Ammunition.  (ECF No. 148 at 1; ECF No. 150 at 2.)  On August 2, 2022, the United States Probation Office filed a Petition for Warrant of Offender Under Supervised Release ("Petition") on the basis that Defendant had failed multiple drug tests, refused to submit to multiple drug tests, and admitted to using drugs.  (ECF No. 133.)  Now before the Court is Defendant's Motion to Dismiss Petition for Warrant on Person Under Supervision and to Suppress Fruits of Unauthorized Drug Tests ("Motion").  (ECF No. 148.)  The Government has filed a response (ECF No. 150), and Defendant filed a reply (ECF No. 159.)  The Probation Office also separately advised the Court of its views via e-mail to chambers, in compliance with this Court's Order.  (ECF No. 149.)

    For the reasons stated below, the Motion is denied.

## I. BACKGROUND

Following Defendant's guilty plea, the Court imposed a 50-month sentence to be followed by three years of supervised release.  Among Defendant's conditions of supervised release was the requirement to refrain from "any unlawful use of a controlled substance."  (ECF No. 148 at 2.)  Defendant was required to submit to one drug test within fifteen days of his release and "at least two periodic drug tests thereafter, as determined by the court."  (*Id.*)  The Court also imposed the following special condition:

> You must participate in and successfully complete a program of testing and/or treatment by the probation officer, until such time as you are released from the program by the probation officer. You must abstain from the use of alcohol or other intoxicants during the course of treatment and must pay for the costs of treatment as directed by the probation officer.

(ECF No.150 (quoting ECF No. 107 at 5.)

After serving his sentence, Defendant was released on supervision on April 23, 2020.  (ECF No. 133 at 1.)  While under supervision, Defendant has submitted to regular drug tests, in compliance with the special release condition.  (*See id.* at 1–4.)  These drug tests were directed by Defendant's probation officer, not the Court.  (ECF No. 148 at 2; ECF No. 150 at 2.)  The Petition alleges that on multiple occasions those drug tests came back positive for various controlled substances.  (ECF No. 133 at 1–4.)  Defendant also signed written admission forms acknowledging his use of controlled substances on four occasions.  (*Id.*)

## II. LEGAL STANDARD

In *United States v. Miller*, 978 F.3d 746 (10th Cir. 2020), the United States Court of Appeals for the Tenth Circuit held that under 18 U.S.C. § 3583(d), the sentencing court "may not allow the probation department to determine the maximum number of drug tests

to which a defendant must submit during a term of supervised release." *Id.* at 958. Delegating such authority to the Probation Office is error. *Id.* at 59. "[I]f a district court wishes to delegate some authority to probation on this matter, then it may do so, consistently with the statute's language, by specifying a range of drug tests to be performed by probation, or by specifying a maximum number of drug tests that probation may not exceed." *Id.* at 60.

### III. ANALYSIS

**A.     Dismissal of the Petition**

Defendant argues any drug tests—beyond the first three—that his probation officer directed him to submit to were unauthorized and invalid. (ECF No. 148 at 2–3.) He further argues that subjecting him to the "very real consequences" of failing or refusing to submit to drug tests that were unauthorized is not consistent with *Miller*. (*Id.* at 3.) This is because, in his view, a consequence of *Miller* is that unauthorized drug tests are "not conditions of release" at all. (*Id.*) Defendant argues violation of an invalid condition of release cannot be the basis for revoking said release and asserts the Petition must therefore be dismissed. (*Id.*)

The Government responds by emphasizing that the Tenth Circuit *affirmed* the special condition in *Miller*, despite holding the district court erred by delegating the power to decide to the maximum number of drug tests. (ECF No. 150 at 2.) The Government also urges the Court to find Defendant has waived his right to challenge the special condition for two reasons: (1) he waived his right to appeal in his plea agreement with the Government; and (2) more than five years have passed since the special condition was imposed. (*Id.* at 4.) Therefore, Defendant's "window" to challenge the condition has long since passed. (*Id.*)

3

Defendant argues the Government's attempt to re-frame the Motion with its waiver argument is "misplaced." (ECF No. 159 at 1.) "The gravamen of Mr. Greenbaum's argument is that the Court itself authorized a maximum of three drug tests," and the Probation Office's directions to Defendant to submit to additional tests were *ultra vires*. (*Id.*) Defendant emphasizes that the Motion is *not* "an attack on the original conditions of supervised release." (*Id.*)

For its part, the Probation Office does not believe *Miller* applies at all because the positive drug tests upon which the Petition is based were not directed by the Probation Office. Rather, they were collected as a component of the substance abuse program Defendant entered in connection with a special condition specifically ordered by this Court.[1]  (*See* ECF No. 107 at 5.)

There are two key problems with Defendant's position—one factual and one legal. Factually, Defendant misstates (or more likely, misunderstands) the conditions of supervised released imposed by this Court. The Court did not authorize a "maximum of three drug tests." (ECF No. 159 at 1.) It mandated a *minimum* of three drug tests. (ECF No. 107 at 3) ("You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.").) Defendant's sentence was several years before *Miller* was decided, and therefore, the Court was silent on the maximum number of drug tests to which Defendant could be subject. Instead, the Court delegated that determination to the Probation Office. (*See* ECF No. 107 at 5) ("You must participate in and successfully complete a program of

---

[1] The Probation Office's view was provided directly to chambers via e-mail, as directed by the Court. (*See* ECF No. 149.)

4

testing and/or treatment for substance abuse, as approved by the probation officer, until such time as you are released from the program by the probation officer.").)  In light of *Miller*, with the passage of time this delegation has come to be erroneous; but that does not alter the substance of the conditions the Court imposed.  In other words, the Court imposed no numeric limit on the number of drug tests the Probation Office could require of the Defendant and thus, as a factual matter, there was no violation of a special condition imposed by the Court.

Defendant's position is also legally deficient because he fails to cite any support for the remedy (dismissal of the petition) that he seeks.  He points to no authority—and the Court has not found any—for the proposition that the Court's (subsequently determined) erroneous delegation means it must ignore the positive drug tests and dismiss the Petition. (*See* ECF No. 148 at 3.)  And, as the Government points out, despite the erroneous delegation in *Miller*, the Tenth Circuit affirmed the special condition of release in that case. (ECF No. 150 at 4); *Miller*, 978 F.3d at 750.

Therefore, the Court will not dismiss the Petition on the basis that the drug tests that form the basis for it were unauthorized.

**B.    Suppression of the Drug Tests**

Defendant argues "[t]o the extent the Court disagrees that dismissal is the proper remedy, or to the extent U.S. Probation or the government suggests Mr. Greenbaum's statements resulting from the unauthorized tests can themselves form the basis for revocation (Allegations 1-6), the Court should suppress any results and statements as the fruit of unlawful searches."  Defendant contends the drug tests are a search for the purposes of the Fourth Amendment and the written admissions are the "fruit" of those searches.  (ECF No. 148 at 4) (first citing *Skinner v. Ry. Lab. Executives' Ass'n*, 489 U.S.

5

602, 617 (1989); and then citing *Wong Sun v. United States*, 371 U.S. 471 (1963)).)

The Government responds that the exclusionary rule does not apply to supervised release revocation hearings.  (ECF No. 150 at 5.)  In *Pennsylvania Board of Probation and Parole v. Scott*, 524 U.S. 357 (1998), the Supreme Court held the exclusionary rule does not apply to state parole revocations.  *Id.* at 363.  And while the Tenth Circuit has not decided whether the logic of *Scott* extends to supervised release revocation hearings, the Second, Fourth, Fifth, Seventh, Eighth, Ninth, and Eleventh Circuits have.  (ECF No. 150 at 5.)  The Government also cites several opinions from the District of Kansas adopting this rule.  (*Id.* at 6.)

Defendant acknowledges the overwhelming agreement among the circuit courts that the exclusionary rule does not apply in supervised release revocation hearings.  (ECF No. at 3.)  He argues, however, that without a remedy for violations of the Fourth Amendment, "there is no deterrence to keep probation officers from running roughshod over supervised releasees' constitutional rights."  (*Id.* at 4.)

The Court is persuaded by and adopts the consensus view that the exclusionary rule does not apply under these circumstances.  Therefore, the Court will not suppress the results of the drug tests or Defendant's written admissions made in connection with those tests.

### IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion to Dismiss Petition for Warrant on Person Under Supervision and to Suppress Fruits of Unauthorized Drug Tests (ECF No. 148) is DENIED; and

2. A Final Revocation Hearing on the matter of Defendant's alleged supervised release violations will be reset by way of separate Order.

Dated this 3rd day of November, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge

7